# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 11-1998

———————

| | | |
|---|---|---|
| Securities and Exchange Commission, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| John W. Lawton, | * | District Court for the |
| | * | District of Minnesota. |
| Appellant, | * | |
| | * | [UNPUBLISHED] |
| Paramount Partners, LP; | * | |
| Crossroad Capital Management, LLC, | * | |
| | * | |
| Defendants. | * | |

———————

Submitted: January 3, 2012
Filed: January 6, 2012

———————

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

In this civil fraud action brought by the Securities and Exchange Commission against John Lawton, a hedge fund he managed, and his investment firm, Lawton consented to an order permanently enjoining and restraining defendants from committing securities violations, and obligating them to disgorge ill-gotten gains with prejudgment interest and to pay a civil penalty. Lawton now appeals the district

court's[1] order denying his Federal Rule of Civil Procedure 60(b) motion to vacate the order entered upon his consent, and he challenges the court's disgorgement calculations.  Following careful review, we find no abuse of discretion.  See White v. National Football League, 585 F.3d 1129, 1136 (8th Cir. 2009) (reviewing for abuse of discretion denial of Rule 60(b) motion to amend consent judgment); SEC v. AbsoluteFuture.com, 393 F.3d 94, 96 (2d Cir. 2004) (per curiam) (review of imposition and calculation of disgorgement is for abuse of discretion); SEC v. First City Financial Corp., 890 F.2d 1215, 1232 (D.C. Cir. 1989) (defendant has burden of rebutting SEC's disgorgement calculation; risk of uncertainty in measuring unjust enrichment should fall on wrongdoer whose illegal conduct created that uncertainty).

Accordingly, the judgment is affirmed.  See 8th Cir. R. 47B.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

-2-